IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| CHAD YEAMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-04-820-T |
| | ) | |
| RON WARD, Director of the Oklahoma | ) | |
| Department of Corrections, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Plaintiff, a state prisoner appearing *pro se*, brought this action pursuant to 42 U.S.C. §1983, alleging violations of his federal constitutional rights. The matter was referred to United States Magistrate Judge Valerie K. Couch for initial proceedings. On August 19, 2005, Judge Couch issued a thorough and well-reasoned Report and Recommendation. Originally, Plaintiff's objections to the Report and Recommendation, if any, were due on or before September 8, 2005. On September 6, 2005, Plaintiff requested an extension of time within which to file his objections. On September 7, 2005, his request for an extension of time was granted. On September 26, 2005, Plaintiff filed his objections and response to the Report and Recommendation.

    A.    **Standard of Review**:

The court of appeals' "firm waiver rule" holds "that a party's objection to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review." United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996) ("only an objection that is sufficiently specific to focus the district court's attention

on the factual and legal issues that are truly in dispute" will avoid application of the firm waiver rule); Nolan v. Martin, 188 F.3d 519, 1999 WL 565681 at *2 (10th Cir. 1999) (a general objection to Magistrate Judge's Report and Recommendation is insufficient to preserve an issue for further review) (unpublished opinion cited pursuant to Tenth Cir. Rule 36.3).

**B.    Plaintiff's Objection**:

Plaintiff's objection to the Report and Recommendation is presented in three brief parts. Each part will be separately addressed.

1.    Alleged Inability to Response to Report and Recommendation:

Plaintiff first argues that he is unable to respond to the Report and Recommendation because he allegedly remains separated from his "required legal materials" due to his transfer to a prison in California. Plaintiff does not, however, identify with specificity any legal materials he needs in order to respond to the Report and Recommendation.  In addition, the documents attached to his objection to the Report and Recommendation show that he has had some access to a law library at the facility at which he is currently housed.  Moreover, at the time he elected to submit his objection to the Report and Recommendation, he had at least three weeks remaining in the period within which to file his objections.  Finally, it is clear from the course of this litigation that Plaintiff understands how to request an extension of time when one is needed.  He did not do so in this instance.  Accordingly, the Court rejects Plaintiff's first objection to the Report and Recommendation.

2.    Injunctive Relief:

In the second part of his objection, Plaintiff argues that his request for injunctive relief is not moot because he asserts this suit was "brought as a class action." However, a review of Plaintiff's February 25,

2005, Amended Complaint demonstrates Plaintiff's argument is without basis in law or fact. In the style of Amended Complaint, Plaintiff is named as the sole plaintiff. (Doc. No. 40, p. 1.) In the portion of the Amended Complaint identifying the parties, Plaintiff identifies himself as the sole plaintiff. (Doc. No. 40, p. 2.) Moreover, while the prayer of his Amended Complaint makes passing reference to a class, there is no other mention of a class action in the 30-page Amended Complaint and Plaintiff never filed a request for class certification that comports with the requirements of Fed.R.Civ.P. 23.

Therefore, as Plaintiff has been transferred from the Oklahoma State Penitentiary, his request for prospective injunctive relief, as stated in the Report and Recommendation, is moot. McAlpine v. Thompson, 187 F.3d 1213, 1218 (10th Cir. 1999). Accordingly, the Court rejects Plaintiff's second objection to the Report and Recommendation.

    3.    Lack of Discovery:

In the third part of his objection to the Report and Recommendation, Plaintiff claims the Report and Recommendation was entered in error because he was not afforded an opportunity to conduct discovery. However, the Court notes that Plaintiff filed a motion for partial summary judgment on February 25, 2005 (the same day he filed his Amended Complaint). The motion for partial summary judgment does not suggest that discovery is needed prior to a ruling.

Defendants filed a cross-motion for summary judgment on March 21, 2005. Instead of requesting an opportunity to conduct discovery prior to responding (see Fed.R.Civ.P. 56(f)), Plaintiff filed a response to Defendants' motion. (Doc. No. 52.) That response cited certain evidentiary materials and quoted relevant case law. At no time did Plaintiff suggest that his response was incomplete due to a lack of discovery.

Accordingly, despite Plaintiff's suggestion in his objection that discovery was needed, the Court finds that unsupported and unexplained suggestion to be insufficient. Accordingly, the Court rejects the third objection to the Report and Recommendation.

    4.    <u>Merits of Report and Recommendation</u>:

Plaintiff did not address, with specificity, the recommended disposition of any of his claims which were set forth in his Amended Complaint. His statement that "he has provided valid authority which support [sic] each claim in previous documents submitted to this Court" is insufficient to satisfy the requirement that he specifically identify the basis for his objection. Accordingly, the Court concludes Plaintiff has waived all objections to the Report and Recommendation. <u>One Parcel of Real Property</u>, 73 F.3d at 1060.

## CONCLUSION

For the foregoing reasons, the Court ADOPTS Judge Couch's August 19, 2005, Report and Recommendation in its entirety; DENIES Plaintiff's motion to strike (Doc. No. 38); DENIES Plaintiff's motion for partial summary judgment (Doc. No. 39); DISMISSES pursuant to 28 U.S.C. §1915(b)(1) Plaintiff's claim regarding delay of prison legal mail; and GRANTS Defendants' cross-motion for summary judgment (Doc. No. 50) on all of Plaintiff's remaining claims.

IT IS SO ORDERED this 28th day of September, 2005.

RALPH G. THOMPSON
UNITED STATES DISTRICT JUDGE